**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS   DIVISION**

| | | |
|---|---|---|
| **NICOLE L. JOHNSON** | ) | |
| | ) | |
| v. | ) | **3-06-CV-956-N** |
| | ) | **(3-04-CR-301-N)** |
| **UNITED STATES OF AMERICA** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a Federal inmate pursuant to 28 U.S.C. § 2255.

**Statement of the Case**: Movant pleaded guilty to possession with intent to distribute cocaine base ("crack") in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2 (Count One), being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 2 (Count Two) and possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count Three). She was thereafter sentenced to a term of imprisonment of 155 months on Count One, a term of 120 months on Count Two running concurrently with the sentence imposed on Count One, and a term of 60 months on Count Three, running concurrently to the sentences imposes on Counts One and Two, constituting an aggregate term of 215 months incarceration.

Johnson did not appeal her conviction. She filed her § 2255 motion on May 26, 2006.

**Findings and Conclusions**: When the motion and the files and records from a federal


criminal conviction conclusively show that a § 2255 movant is not entitled to relief on the grounds presented, the court may dispose of the motion without a hearing.

Each of Movant's grounds allege that she was denied effective assistance of counsel by her trial attorney. She claims that she pled of guilty to Count Three of the indictment because her attorney failed to have advised her of the United States Supreme Court's decision in Bailey v. United States, 516 U.S. 137 (1995) which she claims would have foreclosed a finding of guilt.

As the government points out in its response, 18 U.S.C. § 924(c)(1) was amended in 1998 in light of the Bailey decision prior to the date on which the indictment alleged that Johnson violated § 924(c)(1). As amended, the statute criminalizes not only the use or carrying of a firearm, but also possession of a firearm in relation to a drug trafficking offense. See Count Three and Factual Resume filed on March 3, 2005 at pages 6-7. Therefore, the holding in the Bailey case was inapplicable to the offense alleged in Count Three of the indictment and counsel was not ineffective in failing to advise Movant that the Supreme Court's decision invalidated the offense charged.[1]

The remainder of her grounds relate to the sentencing proceedings. In her first ground she claims that her attorney presented no mitigating circumstances. However, she identifies nothing of a mitigating nature which would warrant sentences lower than those assessed except for her claims that counsel failed to point out her family circumstances and the disparity in the Sentencing Guidelines between cocaine powder and cocaine base (crack).

The Presentence Report (PSR) accurately identifies her children and other family members. See PSR at ¶¶ 71 and 73. Although she alleges that her mother is elderly and infirm, the PSR refutes

---

[1] Possession may be established by evidence of either actual, constructive or joint possession. United States v. Munoz, 150 F.3d 401-416 (5th Cir. 1998).

this reflecting that her mother was 59 years old and noting no physical impairments of her mother. In point of fact her children resided with her parents during her prior imprisonment in the Texas prison system. Also, Johnson has two brothers who are available to provide caretaking and financial support of her children.

U.S.S.G. § 5H1.6 explicitly provides that "[F]amily ties and responsibilities are not ordinarily relevant in determining whether a departure may be warranted." Departures based on the basis of caretaking or financial support require the presence of a sentence that will cause the loss of essential, irreplaceable caretaking or financial support to family members that "substantially exceeds the harm ordinarily incident to incarceration for a similarly situated defendant." U.S.S.G. § 5H1.6, at n. 1(B). Johnson fails to identify any facts available at the time of her sentencing which were not presented or disclosed. Insofar as the disparity which exists between the sentencing guidelines for crack cocaine and powder cocaine, as a matter of law such does not constitute a basis for downward departure. United States v. Fonts, 95 F.3d 372, 374 (5th Cir. 1996).

The United States Constitution does not require an attorney to make frivolous objections or to make arguments at a sentencing proceeding which are baseless and wholly lacking in merit.

Finally, Johnson complains that counsel should have objected to three points added to her criminal history because the offenses of which she was convicted were committed while on parole. See PSR ¶¶ 56 and 57. She has failed to present any evidence which would call into question her prior criminal record as reported in the PSR and this claim is likewise without merit and is frivolous.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that Johnson § 2255 motion be in all things denied.

3

A copy of this recommendation shall be transmitted to Movant and counsel for the government

SIGNED this 21st day of December, 2006.

                                                   WM. F. SANDERSON, JR.
                                                   UNITED STATES MAGISTRATE JUDGE

### **NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.